UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-cv-62274-DSL

FREDSON ALMEIDA DOS ANJOS, on
behalf of himself and all others similarly
situated,

                Plaintiffs,

vs.

COLETTE 4 INC. d/b/a FETTA REPUBLIC,
and YANA KIRKIS.

                Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, by and through the undersigned counsel, hereby files this Motion to Dismiss, pursuant to Rules 8(a), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and in support state as follows:

1.      In Count I of Plaintiff's Complaint, Plaintiff asserts a cause of action for overtime under the Fair Labor Standards Act ("FLSA"). Count I should be dismissed for failure to state a cause of action and/or as a shotgun pleading.

2.      In Count II of Plaintiff's Complaint, Plaintiff asserts a cause of action for overtime under the Florida Minimum Wage Act ("FMWA"). Count II should be dismissed because the Florida <u>Minimum Wage</u> Act does not provide a cause of action for overtime violations (only for violations of the Florida minimum wage).

3.      Overall, the Complaint does not contain a "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Rule 8(a), Fed.R.Civ.P. Rather, for a garden-

variety overtime case, the Complaint is 14 pages long and contains 95 numbered paragraphs, most of which are irrelevant and/or not necessary to state a cause of action.

5. The Complaint is also not "simple, concise, and direct" as required by Rule 8(d), Fed.R.Civ.P. It is confusing, indirect and redundant. The same claim could be stated in a fraction of the pages and paragraphs.

6. The length and density of the Complaint appear designed to overwhelm the opposition and drive up the already considerable cost of federal litigation. Federal litigation can be expensive, especially to small businesses already struggling financially. On the one hand, the FLSA (and FMWA) provide for attorney's fees and cost to the prevailing party, so to the extent a plaintiff can charge more for a 95-paragraph complaint, such a complaint would ultimately reward them with greater attorney's fees. On the other hand, since an FLSA defendant must bear their own attorney's fees, it will be more costly for a defendant to respond to such a complaint and defend itself against the case. This places a defendant in a no-win situation.

7. Plaintiff's Complaint contains bare legal conclusions and legal arguments and not factual allegations. In fact, spanning from pages 5 through 12 of the Complaint (Paragraphs 33 – 78) are collective (and class) action allegations. Such extensive collective and class allegations should be reserved for the motions for collective action status (or class action) and are not meant to be litigated in the initial pleading. In all, extraneous legal claims and conclusory assertions comprise the bulk of the text of the Complaint. Rule 12(f), Fed.R.Civ.P., allows a court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading. A complaint is not the time or place to debate or brief legal arguments or conclusions of law.

9. The Complaint is most notable in that despite being 95 paragraphs long, none of those paragraphs states the amount Plaintiff claims to be owed. This is a claim for unpaid overtime wages, yet nowhere in the 14 page Complaint does Plaintiff calculate what's owed and/or give notice to the Defendant of the amount allegedly owed.

10. For the reasons set forth above, and in the following Memorandum of Law: (1) Plaintiff's Complaint and Count I should be dismissed as a shotgun pleading and/or for failure to state a cause of action against the Defendants; and (2) Count II should be dismissed because the Florida Minimum Wage Act does not provide a cause of action for unpaid overtime.

WHEREFORE, Defendants respectfully request that the Court grant this motion and award such relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I. THE COMPLAINT, IN ITS ENTIRETY, AND COUNT I SPECIFICALLY, SHOULD BE DISMISSED AS A SHOTGUN PLEADING AND/OR FOR FAILURE TO STATE A CLAIM.

To plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (*citing Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they merely are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. This is because the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *and see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556); *cf. Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014) ("Civil pleadings are supposed to mark the boundaries for discovery; discovery is not supposed to substitute for definite pleading.").

Rule 10(b) requires a party to "state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of this requirement is to provide proper notice to the Defendant, and to make certain the Defendant understands the pleading. *See City of Fort Lauderdale v. Scott*, 773 F. Supp.2d. 1355, 1358-59 (S.D. Fla. 2011) ("[Rules 8(a)(2) and 10(b)] ensure due process with proper notice to each defendant as to what claims are actually being alleged against each defendant").

Further, under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Plaintiff's Complaint should be dismissed in its entirety because it is an impermissible shotgun pleading. The Complaint is confusing, vague and ambiguous in every sense of the words. The "shotgun" pleading exemplified by the Complaint violates the applicable pleading Rules and has been routinely condemned. *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)(identifying the four categories of shotgun pleadings and stating, "[t]he unifying factor in all such pleadings is their failure, in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). Shotgun pleadings are often confusing, incoherent, and clogged with seemingly irrelevant allegations, and thus are appropriate for dismissal. *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008). Furthermore, they water down the rights of the parties to have valid claims litigated efficiently and wreak havoc on the judicial system. *Byrne v. Nezhat*, 261 F.3d 1075, 1130-31 (11th Cir. 2001), abrogated on other grounds by *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151-52 (11th Cir. 2011). "Given that cases framed by shotgun pleadings exhaust a disproportionate amount of time for courts to resolve, they cause delayed justice and risk the public's confidence in the system. For these reasons, the Eleventh Circuit condemns shotgun pleadings." *Gazzola v. NCL (Bahamas) Ltd.*, No. 19-21535-CIV, 2019 WL 3067506, at *2 (S.D. Fla. July 12, 2019).

## II. COUNT II SHOULD BE DISMISSED BECAUSE THE FLORIDA *MINIMUM WAGE* ACT DOES NOT PROVIDE A CAUSE OF ACTION FOR UNPAID OVERTIME.

In Count II, Plaintiff attempts to state a claim for unpaid overtime under the Florida Minimum Wage Act. The Florida Minimum Wage Act is codified at Florida Statutes, §448.110. As the name implies, the FMWA requires employers in Florida to pay employees a minimum wage set by the Florida Department of Commerce. Florida Statutes, §448.110(3) and (4). That's it. The FMWA does not require that employers pay overtime. Therefore, Count II of Plaintiff's Complaint must be dismissed.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By:   /s/Todd W. Shulby, Esq.
         Florida Bar No.: 068365