**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.**: 0:25-CV-62274 (DSL) (PDA)

FREDSON ALMEIDA DOS ANJOS, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

COLETTE 4 INC. d/b/a FETTA REPUBLIC, and YANA KIRKIS,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Fredson Almeida Dos Anjos (hereinafter the "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC) respectfully submits the instant memorandum of law in opposition to against Defendants' Colette 4 Inc. d/b/a Fetta Republic (hereinafter "Fetta" or the "Corporate Defendant") and Yana Kirkis (hereinafter "Kirkis" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") Motion to Dismiss, pursuant to Rules 8(a), 12(b)(6), and 12(e) of the Federal Rules of Civil Procedure (hereinafter "Rule" or the "Rules").

## FACTS

Plaintiff respectfully refers the Court to the Complaint for the relevant facts, which as set forth below, must be deemed true for purposes of this motion. See ECF Docket Entry 1.

## STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, Plaintiff need not prove her case; she need only allege sufficient facts "enough to raise a right to relief above the speculative level", thus allowing the Court to draw a "reasonable inference" of liability. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As Defendants have explained, "[w]hen determining whether a claim has facial plausibility, 'a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true.' See Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1066 (11th Cir. 2007)." See ECF Docket Entry 9 at 3.

**B. Rule 8(a)(2), 10(b), and 12(e) Standard**

Under Rule 8(a)(2), "[a] pleading that states a claim for relief must contain […] a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). This "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,' [internal citation omitted]." See Twombly, 550 U.S. at 555.

Under Rule 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See Fed. R. Civ. P. 12(e). The purpose of moving for a more definite statement under Rule 10(b) is to ensure "such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading." See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

The Eleventh Circuit takes a holistic approach, by assessing pleadings as they relate to the discovery process ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"). Id. at 367.

Moreover, as Defendants themselves concede, "Rule 10(b) requires a party to 'state its claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances.' See Fed. R. Civ. P. 10(b).

The purpose of this requirement is to provide proper notice to the Defendant, and to make certain the Defendant understands the pleading. See City of Fort Lauderdale v. Scott, 773 F. Supp.2d. 1355, 1358-59 (S.D. Fla. 2011) ('[Rules 8(a)(2) and 10(b)] ensure due process with proper notice to each defendant as to what claims are actually being alleged against each defendant')." See ECF Docket Entry 9 at 4.

## LEGAL ARGUMENT

### I. THE COMPLAINT, IN ITS ENTIRETY, AND COUNT I SPECIFICALLY, IS ADEQUATELY PLED AND PROPERLY STATES A CLAIM FOR RELIEF

While Defendants cite Weiland v. Palm Beach Cnty. Sheriff's Off., they ignore that it identifies and limits what a shotgun pleading is *not*. See 792 F.3d 1313, 1324 (11th Cir. 2015) ("this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count"). In other words, a motion for a more definite statement would require "difficulty knowing what they were alleged to have done and why they were liable for doing it." Id. Above all else, shotgun pleadings are impermissible because they prevent the Defendant from having notice of the claims against them. See Harris v. Nordyne, LLC, No. 14-CIV-21884, 2014 WL 12516076, at *2 (S.D. Fla. Nov. 14, 2014) ("To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

Here, the policy concerns which underly the Rules regarding definite statements, and the body of caselaw disfavoring shotgun pleadings, are not implicated. Any such insistence by Defendants that they genuinely cannot understand what the Complaint is claiming would seriously call into question their baseline ability to read. The Statement of Facts section of Plaintiff's Complaint contains thirty-two (32) discrete facts against the company and its principal.

Moreover, Count I is pled throughout eleven (11) enumerated points, and Count II is pled throughout six (6) enumerated points. Providing an abundance of information in a Complaint is not inherently impermissible; on the contrary, it makes the claims Plaintiff brings *more* understandable. In that regard, it is worthy to note that had the complaint been more sparse, as is evident by Defendants' *modus operandi*, they would have unquestionably moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) because the complaint contains insufficient information.

Plaintiff has more than adequately stated a claim for relief in reciting both the elements of his claims and their underlying facts, in accordance with standards set forth under Rule 12(b)(6). Moreover, Plaintiff has been extremely generous in providing full notice to Defendants of their claims and all underlying facts, thus satisfying the standards set forth by Rules 8(a)(2), 10(b), and 12(e), and the related shotgun pleading doctrine. Any deficiencies that Defendants perceive may be properly sought throughout the discovery process as the Eleventh Circuit has previously stated.

In making their motion, Defendants make arguments that misstate the pleading requirements to state a claim under the FLSA and the FMWA. This is because "the requirements to state a claim of a[n] FLSA violation are quite straightforward." See Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008).

To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See Morgan v. Family Dollar Stores, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

The complaint in this case handedly meets these straightforward requirements. First, Plaintiff properly pleads an employment relationship. See ECF Docket Entry 1 ¶¶ 6, 8, 12-13, 15.

Second, Plaintiff adequately pled that the employer and the employee engaged in interstate commerce. Id. ¶¶ 7-8. Third, Plaintiff sufficiently stated that he was not paid proper compensation. Id. ¶¶ 15-22.

Based on the foregoing, there is no question that Plaintiff properly states a claim for wages under the FLSA.

In any event, "a plaintiff may plead claims against multiple defendants by referring to them collectively, for example by referring to a group of defendants as 'defendants.'" See Sprint Sols., Inc. v. Fils-Amie, 44 F. Supp. 3d 1224, 1227 (S.D. Fla. 2014). This is especially the case here, where there really are not multiple defendants, but – rather – the two (2) defendants are comprised of the company and its principal, who are effectively one and the same.

The quintessential shotgun pleading "begin [s] with a long list of general allegations, most of which are immaterial to most of the claims for relief," names multiple defendants, all of whom are charged in each count with no distinction made among the defendants, and reincorporates allegations of preceding counts such that "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." See Gaviria v. Maldonado Bros., Inc., No. 13-60321-CIV, 2013 WL 3336653, at *7 (S.D. Fla. July 2, 2013) (citing Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir.1998); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)). This definition of a shotgun pleading cannot seriously be asserted in the complaint in this case. Accordingly, Defendants' motion must be denied.

## II. COUNT II MAY STAND BECAUSE PLAINTIFF ADEQUATELY PLEADS THAT DEFENDANTS FAILED TO PAY THE MINIMUM WAGE

Plaintiff concedes that the Florida Minimum Wage Act ("FMWA") does not provide a distinct cause of action for unpaid overtime.

However, the FMWA does provide a private right of action to pursue a minimum wage claim for *all* hours worked. See Fla. Stat. § 448.110(3)–(6). Plaintiff alleges that he routinely worked in excess of forty hours per week, and that he was not paid the lawful wages for *all hours worked*, due to his effective hourly rate falling below Florida's minimum wage. The fact that some of the uncompensated hours occurred after forty hours in a workweek does not automatically change the fact that unpaid wages were incurred. At the pleading stage, Plaintiff need only allege facts showing that her total weekly compensation, divided by the total number of hours worked, resulted in wages below the statutory minimum.

Because Count II ultimately seeks recovery for unpaid minimum wages, Defendants' argument rests on a false premise and provides no basis for dismissal. However, Plaintiff acknowledges that it was improper to use language about overtime in this pleading. Accordingly, should the Court dismiss this claim, Plaintiff requests that it is done without prejudice, and seeks leave to amend.

## III. PLAINTIFF RESPECTFULLY SEEKS LEAVE TO REPLEAD IN THE UNLIKELY EVENT ANY CAUSE OF ACTION FAILS TO STATE A CLAIM

To the extent this Court finds that any claims are subject to dismissal (which Plaintiff respectfully submits it should not), Plaintiff respectfully requests leave to replead. Pursuant to Federal 15(a) "[t]he court should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a). "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." See Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 982 (11th Cir. 2012).

Here, to the extent this Court agrees with any of the Defendants' assertions, Plaintiff is prepared to amend the pleadings to conform to applicable standards.

In such circumstances, courts regularly grant leave to replead, even where the claims pled appear on their face to be futile. See Dimor Aerospace, Inc. v. Sven Lepschy, No. 24-80884-CIV, 2025 WL 3689542, at *6 (S.D. Fla. June 30, 2025) ("While Counts II and V attempt to allege causes of action that are not recognized such that repleading those counts would indeed be futile, this Court will permit Dimor an opportunity to re-allege some of the dismissed allegations in an Amended Complaint in the context of the relief requested for its legally recognized claims").

Accordingly, Plaintiff is entitled to leave to replead in the unlikely event of dismissal.

## CONCLUSION

For all the foregoing reasons, Defendants' motion to dismiss should be denied. Alternatively, Plaintiff should be granted leave to replead.

RESPECTFULLY SUBMITTED this 31st day of December, 2025, with best wishes for a very happy new year.

**CONSUMER ATTORNEYS, PLLC**

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
T: (718) 701-4605 (office)
T: (718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

Emanuel Kataev, Esq.
*Admitted pro hac vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Fredson Almeida Dos Anjos and*
*all others similarly situated*