**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-62274-LEIBOWITZ**

**FREDSON ALMEIDA DOS ANJOS,**

     *Plaintiff,*

v.

**COLETTE 4 INC.,** *et al.,*

     *Defendants.*

_____/

**<u>ORDER</u>**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss ("the Motion") [ECF No. 9]. The Motion is fully ripe. [*See* ECF Nos. 12, 13]. For the reasons set forth below, the Motion [ECF No. 9] is **GRANTED IN PART**.

Defendants seek to dismiss Plaintiff's complaint ("the Complaint") in its entirety as a shotgun pleading. [*See* ECF No. 9 at 3–5]. Defendants cite relevant authority—including *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313 (11th Cir. 2015) and the relevant Federal Rules of Civil Procedure—but fail to identify any particular aspect of the Complaint that violates that authority. [ECF No. 9 at 3–5]. Defendants complain as a general matter of the Complaint's "length and density"—even while it clocks in at a mere 20 pages. [*Id.* at 2]. Defendants also bemoan the Complaint's inclusion of run-of-the-mill class action allegations—even while such allegations are typical of complaints asserting claims under the FLSA's collective action provisions. [*Id.*]. More convincingly, Defendants note that Plaintiff omits a precise calculation of his damages, but the law is well-settled that a Plaintiff need not "plead damages with particularity." *Gulfpoint Constr. Co., Inc. v. Westfield Ins. Co.*, No. 23-12195, 2024 WL 1759288, at *7 (11th Cir. Apr. 24, 2024). Accordingly, Plaintiff's Complaint is not a shotgun pleading.

Defendants next move to dismiss Count II of the Complaint, which seeks "recovery of overtime compensation pursuant to the" Florida Minimum Wage Act ("FMWA"). [ECF No. 9 at 6; ECF No. 1 at 13]. Defendants argue that the FMWA does not require employers to pay overtime wages, a point that Plaintiff concedes in his response. [ECF No. 12 at 6]. Despite this concession, Plaintiff attempts to maneuver around dismissal by arguing that he is actually seeking unpaid minimum wages—not overtime wages—for overtime hours worked because his "effective hourly rate [fell] below Florida's minimum wage." [*Id.*]. Still, as pled, Count II of the Complaint plainly seeks to recover unpaid *overtime* wages at 1.5 times Plaintiff's regularly hourly rate. [*See id.* ("Defendants failed to compensate Plaintiff at one and one-half (1.5) times the Plaintiff's regular hourly rate for all hours worked over forty (40) in a workweek . . . . As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including unpaid overtime wages . . . .")]. Plaintiff concedes that he is not entitled to recover overtime wages under the FMWA. Accordingly, Count II of the Complaint is due to be **DISMISSED WITHOUT PREJUDICE**.

### CONCLUSION

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Motion [ECF No. 39] is **GRANTED IN PART**. The Motion is **DENIED** to the extent that it seeks to dismiss the Complaint as a shotgun pleading. The Motion is **GRANTED** as to Count II of the Complaint. Plaintiff is hereby granted leave to file an amended complaint no later than March 19, 2026.

**DONE AND ORDERED** in the Southern District of Florida on March 5, 2026.

_____

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

2