## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**Case No.**: 0:25-cv-62274 (DSL) (PDA)

FREDSON ALMEIDA DOS ANJOS, on
behalf of himself and all others similarly
situated,

                Plaintiffs,

    v.

COLETTE 4 INC. d/b/a FETTA REPUBLIC,
and YANA KIRKIS,

                Defendants.

**JURY TRIAL DEMANDED**

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Fredson Almeida Dos Anjos (hereinafter the "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants Colette 4 Inc. d/b/a Fetta Republic (hereinafter "Fetta" or the "Corporate Defendant") and Yana Kirkis (hereinafter "Kirkis" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff bring this lawsuit seeking recovery against Defendants for their violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"), 29 U.S.C. §201 *et seq.* and Florida Minimum Wage Act (hereinafter the "FMWA"), Florida Statutes ("Fla. Stat.") § 448.110.

2. Over the course of the last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and all others similarly situated for all hours worked including overtime compensation as required by federal law, and for minimum wage as required by state law.

3. Plaintiff has thus initiated this case to recover unpaid wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt duties for the benefit of Defendants in Florida including within the city of Lighthouse Point.

7. At all times relevant, Defendants engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s) by purchasing goods and food from outside the State of Florida, and earned annual revenues in excess of $500,000.00 per year over the course of the last three (3) years.

8. Further, Plaintiff falls within the protections of the FLSA as he used tools and instrumentalities which moved through interstate commerce such as plates, cutlery, and dishwashing equipment.

**PARTIES**

9. Plaintiff is an adult individual who is a resident of Broward County within the State of Florida.

10. The Corporate Defendant is a business entity formed under the laws of Florida with a primary office located at 2420 North Federal Highway, Lighthouse Point, FL 33064.

2

11.     The Individual Defendant is the owner, operator, and manager of the Corporate Defendant.

12.     The Individual Defendant exercised the power to hire, fire, discipline, supervise and control the terms and conditions of employment of the Plaintiff and all other employees.

13.     At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Florida, particularly, in the city of Lighthouse Point.

## STATEMENT OF FACTS

14.     Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff for all hours worked, including for all overtime hours Plaintiff worked every workweek.

15.     Plaintiff worked for Defendant from January 20, 2020 through February 8, 2025, or a period of two hundred sixty-four (264) weeks, as a prep cook and dishwasher.

16.     While employed, Plaintiff typically and customarily performed compensable dishwashing and related restaurant duties for the benefit of Defendants and their customers.

17.     From January 20, 2020, through 2023, Plaintiff worked for Defendants from Monday to Saturday, starting at 11:00 AM to 10:00 PM.

18.     In or about every week, Plaintiff rendered duties for the benefit of Defendants for about sixty-six (66) hours per work week with an agreed regular rate of $16.00 per hour.

19.     Beginning in 2024, Plaintiff's schedule was adjusted to five (5) days per week, while his daily shift remained eleven (11) hours long.

20.     As a result, his total weekly hours were reduced to fifty-five (55) hours per week.

21.     During this period, Plaintiff's hourly rate remained $16.00 per hour, and his overtime compensation should have been paid at $24.00 per hour for all hours worked beyond forty (40) hours per week.

22.     During the course of Plaintiff's employment, Plaintiff was not paid the overtime differential, which should be at least one-and-a-half (1.5) times of the regular rate for the hours worked by him in excess of forty (40) hours in one workweek, mandated both by the FLSA and the FMWA.

23.     As a result of the non-payment of Plaintiff's correct wage rate and/or overtime compensation, Defendants owe Plaintiff, during the statutory period under the FLSA and FMWA, the amount of the overtime differential plus liquidated damages, interest (pre-judgment and post-judgment), attorneys' fees, and costs.

24.     At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

25.     At all times relevant, Defendants had actual knowledge that it was obligated under the FLSA and the FMWA to track and record Plaintiff's compensable hours accurately and with precision.

26.     At all times relevant, Defendants had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time one-and-one-half (1.5) rate for overtime Plaintiff worked in excess of forty (40) hours each week.

27.     At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citation or negative feedback regarding his work performance.

28.     Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA and the FMWA.

29.     As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm and significant damages resulting from Plaintiff's lack of pay that they should have received for their regular hours and overtime hours in compliance with the FLSA and the FMWA.

30.     Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate their hours work and determine if he was being paid the proper overtime premiums in accordance with the FLSA.

31.     As a result of these violations of the FLSA and FMWA, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

32.     Plaintiff also respectfully seeks interest (pre-judgment and post-judgment), attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiff brings this FLSA claim as a collective action on behalf of himself and others similarly situated who have been employed by Defendants during the full statute of limitations period (hereinafter the "FLSA Collective Members").

34.     At all relevant times, Plaintiff and the FLSA Collective Members were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, and were subject to Defendants' practices of: (i) failing to compensate Plaintiff and the FLSA Collective Members at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; and (ii) failing to timely pay all wages owed.

35.     At all relevant times, Defendants have been fully aware of the duties performed by Plaintiff and the FLSA Collective Members, and that those duties were not exempt from the provisions of the FLSA.

36.     Defendants' violations of the FLSA have been willful, repeated, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiff and the FLSA Collective Members.

37.      As a result of their unlawful conduct, Defendants are liable to Plaintiff and the FLSA Collective Members for the full amount of their unpaid wages and late wages, with interest (pre-judgment and post-judgment), plus an equal amount as liquidated damages, reasonable attorneys' fees and costs incurred by Plaintiff and the FLSA Collective Members.

38.     While the exact number of the FLSA Collective is unknown to Plaintiff at this time, upon information and belief, there are at least fifteen (15) individuals consisting of the FLSA Collective Members.

39.     Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective Members.

40.     Accordingly, the Court should require Defendants to provide Plaintiff with a list of all individuals of the proposed FLSA Collective Members, along with their last known addresses, telephone numbers, and email addresses, so Plaintiff may provide the members of the FLSA Collective Action notice of this action and an opportunity to make an informed decision about whether to participate in it.

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action, in part, as a class action under the FMWA and all other applicable laws and regulations governing the payment of wages.

### A.  Class Definition

42.     Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), on behalf of himself and a class of all other employees who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

43.     Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of himself and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

44.     Plaintiff alleges, on behalf of himself and the Class, that Defendants violated the FMWA by, *inter alia*: (i) failing to compensate Plaintiff  and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii) failing to compensate Plaintiff and the Class at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek; (iii) failing to timely pay all wages owed; (iv) failing to furnish accurate wage statements to Plaintiff  and the Class.

45.     Plaintiff further alleges, on behalf of himself and the Subclass, that Defendants violated the FMWA by, *inter alia*, failing to compensate them and the Subclass at the State minimum wage for all hours worked.

46.     Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

47.     The wage practices described herein are part of Defendants' normal course of conduct.

48.     Pursuant to Rule 23, Plaintiff's FMWA claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Numerosity and Impracticability of Joinder**

49.     The members of the Class and Subclass are so numerous that joinder is impracticable.

50.     While the exact number of the members of the Class is unknown to Plaintiff at this time, upon information and belief, there are approximately fifteen (15) members of the Class.

51.     While the exact number of the members of the Subclass is unknown to Plaintiff at this time, upon information and belief, there are approximately fifteen (15) members of the Subclass.

52.     Therefore, the numerosity requirement of Rule 23(a) is satisfied.

**C. Common Questions of Law and Fact**

53.     Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

54.     Indeed, there are few, if any, purely individual issues in this action.

55.     The questions of law and fact that are common to Plaintiff, the Class, and the Subclass include, without limitation:

> (a) Whether Defendants failed to pay Plaintiff and the Subclass at the State minimum wage rate;
>
> (b) Whether Defendants failed to pay Plaintiff and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;
>
> (c) Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

(d) Whether Defendants failed to timely pay Plaintiff and the Class their wages;

(e) Whether Defendants failed to furnish accurate wage statements to Plaintiff  and the Class; and

(f) Whether Plaintiff, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

56.     Therefore, the common question requirement of Rule 23(a) is satisfied.

**D. Typicality of Claims and Relief Sought**

57.     Plaintiff's claims are typical of the claims of the members of the Class and Subclass they seek to represent.

58.     Plaintiff, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

59.     The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

60.     Therefore, the typicality requirement of Rule 23(a) is satisfied.

**E. Adequacy of Representation**

61.     Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff 's interests are coextensive and aligned with those of the members of the Class and Subclass.

62.     Plaintiff has no interests adverse to the Class and Subclass they seek to represent.

63.     Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because they do not assert any individual claims separate and apart from the Class and Subclass he seeks to represent.

64.     Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

65.     The combined interests, experience, and resources of Plaintiff and his counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

**F. Requirements of Rule 23(b)(1)**

66.     Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

67.     Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

68.     By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

69.     Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

**G. Requirements of Rule 23(b)(2)**

70.     Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff and the Subclass minimum wages, and denying Plaintiff and the Class overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of employment, failing to pay wages on time, and failing to furnish accurate wage statements.

71.     These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

72.     Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

73.     Declaratory and injunctive relief are the factual and legal predicates for Plaintiff's and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

74.     Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

75.     The common issues of fact and law affecting Plaintiff's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

76.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and those of the Class and Subclass.

77.     The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

78.     This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

## CAUSES OF ACTION

### COUNT I
### RECOVERY OF OVERTIME COMPENSATION PURSUANT TO THE FLSA
**(on behalf of the Plaintiff and the Collective Action Members against all Defendants)**

79.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

80.     Defendants knowingly and willfully failed to pay Plaintiff for the aforementioned hours that he worked.

81.     Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

82.     The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

83.     Defendants have failed to pay Plaintiff overtime for hours that he worked in excess of forty (40) hours in a workweek.

84.     The Corporate Defendant failed to pay Plaintiff overtime as Plaintiff's employer.

85.     The Individual Defendant failed to pay Plaintiff overtime as Plaintiff's employer.

86.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff had suffered damages plus incurring costs and reasonable attorneys' fees.

87.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

88. Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

89. As a result of Defendants' unlawful acts, Plaintiff had been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

**COUNT II**
**RECOVERY OF UNPAID MINIMUM WAGES**
**PURSUANT TO THE FMWA**
**(on behalf of the Plaintiff and the Class Action Members against all Defendants)**

90. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

91. The FMWA mandates that employers pay employees at least the applicable Florida minimum wage for all hours worked.

92. At all relevant times, Defendants were employers within the meaning of the FMWA.

93. Defendants, individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

94. During one or more workweeks, Plaintiff worked in excess of forty (40) hours.

95. Defendants failed to properly compensate Plaintiff with all applicable wages for all hours worked, including hours worked in excess of forty (40) hours in a workweek.

96. As a result of Defendants' failure to pay all wages owed, Plaintiff's total compensation, when divided by the total number of hours worked in a workweek, resulted in an effective hourly rate that fell below the applicable Florida minimum wage for those workweeks.

97. Defendants willfully violated the FMWA by failing to compensate Plaintiff at the applicable state minimum wage for all hours worked.

98.     Defendants' violations were willful in that they knew that the herein described refusals and/or failures were in violation of the FMWA and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FMWA.

99.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages, including unpaid minimum wages, liquidated damages, interest, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, the Collective Action Members and the Class Action Members, respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA and the FMWA in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the FMWA;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Such other injunctive and equitable relief as this Court shall deem just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

RESPECTFULLY SUBMITTED this 19th day of March, 2026.

14

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
(718) 701-4605 (office)
(718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

Emanuel Kataev, Esq.
*Admitted pro hac vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Fredson Almeida Dos Anjos and*
*all others similarly situated*

15