UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-cv-62274-DSL

FREDSON ALMEIDA DOS ANJOS, on
behalf of himself and all others similarly
situated,

   Plaintiffs,

vs.

COLETTE 4 INC. d/b/a FETTA REPUBLIC,
and YANA KIRKIS,

   Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, COLETTE 4 INC. d/b/a FETTA REPUBLIC ("COLETTE") and YANA KIRKIS ("KIRKIS"), by and through the undersigned counsel, state the following in answer to, and in defense of Plaintiff's First Amended Complaint (D.E. 15):

1. In response to Paragraph 1 of the Amended Complaint, Defendants admit the allegations contained therein.

2. In response to Paragraph 2 in the Amended Complaint, Defendants deny the allegations contained therein.

3. In response to Paragraph 3 of the Amended Complaint, Defendants deny the allegations contained therein.

4. In response to Paragraph 4 of the Amended Complaint, Defendants admit the allegations contained therein.

5. In response to Paragraph 5 of the Amended Complaint, Defendants admit the

allegations contained therein.

6.      In response to Paragraph 6 of the Amended Complaint, Defendants deny the allegations contained therein.

7.      In response to Paragraph 7 of the Amended Complaint, Defendants deny the allegations contained therein.

8.      In response to Paragraph 8 of the Amended Complaint, Defendants deny the allegations contained therein.

9.      In response to Paragraph 9 of the Amended Complaint, Defendants are without knowledge of the allegations contained therein and demand strict proof thereof.

10.     In response to Paragraph 10 of the Amended Complaint, Defendants admit the allegations contained therein.

11.     In response to Paragraph 11 of the Amended Complaint, Defendants admit the allegations contained therein.

12.     In response to Paragraph 12 of the Amended Complaint, Defendants admit the allegations contained therein.

13.     In response to Paragraph 13 of the Amended Complaint, Defendants admit the allegations contained therein.

14.     In response to Paragraph 14 of the Amended Complaint, Defendants deny the allegations contained therein.

15.     In response to Paragraph 15 of the Amended Complaint, Defendants admit the allegations contained therein.

16.     In response to Paragraph 16 of the Amended Complaint, Defendants admit the allegations contained therein.

17.     In response to Paragraph 17 of the Amended Complaint, Defendants deny the allegations contained therein.

18.     In response to Paragraph 18 of the Amended Complaint, Defendants deny the allegations contained therein.

19.     In response to Paragraph 19 of the Amended Complaint, Defendants deny the allegations contained therein.

20.     In response to Paragraph 20 of the Amended Complaint, Defendants deny the allegations contained therein.

21.     In response to Paragraph 21 of the Amended Complaint, Defendants deny the allegations contained therein.

22.     In response to Paragraph 22 of the Amended Complaint, Defendants deny the allegations contained therein.

23.     In response to Paragraph 23 of the Amended Complaint, Defendants deny the allegations contained therein.

24.     In response to Paragraph 24 of the Amended Complaint, Defendants deny the allegations contained therein.

25.     In response to Paragraph 25 of the Amended Complaint, Defendants deny the allegations contained therein.

26.     In response to Paragraph 26 of the Amended Complaint, Defendants deny the allegations contained therein.

27.     In response to Paragraph 27 of the Amended Complaint, Defendants deny the allegations contained therein.

28.     In response to Paragraph 28 of the Amended Complaint, Defendants deny the

allegations contained therein.

29. In response to Paragraph 29 of the Amended Complaint, Defendants deny the allegations contained therein.

30. In response to Paragraph 30 of the Amended Complaint, Defendants deny the allegations contained therein.

31. In response to Paragraph 31 of the Amended Complaint, Defendants deny the allegations contained therein.

32. In response to Paragraph 32 of the Amended Complaint, Defendants deny the allegations contained therein.

33. In response to Paragraph 33 of the Amended Complaint, Defendants deny the allegations contained therein.

34. In response to Paragraph 34 of the Amended Complaint, Defendants deny the allegations contained therein.

35. In response to Paragraph 35 of the Amended Complaint, Defendants deny the allegations contained therein.

36. In response to Paragraph 36 of the Amended Complaint, Defendants deny the allegations contained therein.

37. In response to Paragraph 37 of the Amended Complaint, Defendants deny the allegations contained therein.

38. In response to Paragraph 38 of the Amended Complaint, Defendants deny the allegations contained therein.

39. In response to Paragraph 39 of the Amended Complaint, Defendants deny the allegations contained therein.

40.     In response to Paragraph 40 of the Amended Complaint, Defendants deny the allegations contained therein.

41.     In response to Paragraph 41 of the Amended Complaint, Defendants deny the allegations contained therein.

42.     In response to Paragraph 42 of the Amended Complaint, Defendants deny the allegations contained therein.

43.     In response to Paragraph 43 of the Amended Complaint, Defendants deny the allegations contained therein.

44.     In response to Paragraph 44 of the Amended Complaint, Defendants deny the allegations contained therein.

45.     In response to Paragraph 45 of the Amended Complaint, Defendants deny the allegations contained therein.

46.     In response to Paragraph 46 of the Amended Complaint, Defendants deny the allegations contained therein.

47.     In response to Paragraph 47 of the Amended Complaint, Defendants deny the allegations contained therein.

48.     In response to Paragraph 48 of the Amended Complaint, Defendants deny the allegations contained therein.

49.     In response to Paragraph 49 of the Amended Complaint, Defendants deny the allegations contained therein.

50.     In response to Paragraph 50 of the Amended Complaint, Defendants deny the allegations contained therein.

51.     In response to Paragraph 51 of the Amended Complaint, Defendants deny the

allegations contained therein.

52.     In response to Paragraph 52 of the Amended Complaint, Defendants deny the allegations contained therein.

53.     In response to Paragraph 53 of the Amended Complaint, Defendants deny the allegations contained therein.

54.     In response to Paragraph 54 of the Amended Complaint, Defendants deny the allegations contained therein.

55.     In response to Paragraph 55 of the Amended Complaint, Defendants deny the allegations contained therein.

56.     In response to Paragraph 56 of the Amended Complaint, Defendants deny the allegations contained therein.

57.     In response to Paragraph 57 of the Amended Complaint, Defendants deny the allegations contained therein.

58.     In response to Paragraph 58 of the Amended Complaint, Defendants deny the allegations contained therein.

59.     In response to Paragraph 59 of the Amended Complaint, Defendants deny the allegations contained therein.

60.     In response to Paragraph 60 of the Amended Complaint, Defendants deny the allegations contained therein.

61.     In response to Paragraph 61 of the Amended Complaint, Defendants deny the allegations contained therein.

62.     In response to Paragraph 62 of the Amended Complaint, Defendants deny the allegations contained therein.

63.     In response to Paragraph 63 of the Amended Complaint, Defendants deny the allegations contained therein.

64.     In response to Paragraph 64 of the Amended Complaint, Defendants deny the allegations contained therein.

65.     In response to Paragraph 65 of the Amended Complaint, Defendants deny the allegations contained therein.

66.     In response to Paragraph 66 of the Amended Complaint, Defendants deny the allegations contained therein.

67.     In response to Paragraph 67 of the Amended Complaint, Defendants deny the allegations contained therein.

68.     In response to Paragraph 68 of the Amended Complaint, Defendants deny the allegations contained therein.

69.     In response to Paragraph 69 of the Amended Complaint, Defendants deny the allegations contained therein.

70.     In response to Paragraph 70 of the Amended Complaint, Defendants deny the allegations contained therein.

71.     In response to Paragraph 71 of the Amended Complaint, Defendants deny the allegations contained therein.

72.     In response to Paragraph 72 of the Amended Complaint, Defendants deny the allegations contained therein.

73.     In response to Paragraph 73 of the Amended Complaint, Defendants deny the allegations contained therein.

74.     In response to Paragraph 74 of the Amended Complaint, Defendants deny the

allegations contained therein.

75. In response to Paragraph 75 of the Amended Complaint, Defendants deny the allegations contained therein.

76. In response to Paragraph 76 of the Amended Complaint, Defendants deny the allegations contained therein.

77. In response to Paragraph 77 of the Amended Complaint, Defendants deny the allegations contained therein.

78. In response to Paragraph 78 of the Amended Complaint, Defendants deny the allegations contained therein.

79. In response to Paragraph 79 of the Amended Complaint, Defendants incorporate the responses to Paragraphs 1-78 as if fully set forth herein.

80. In response to Paragraph 80 of the Amended Complaint, Defendants deny the allegations contained therein.

81. In response to Paragraph 81 of the Amended Complaint, Defendants deny the allegations contained therein.

82. In response to Paragraph 82 of the Amended Complaint, Defendants deny the allegations contained therein.

83. In response to Paragraph 83 of the Amended Complaint, Defendants deny the allegations contained therein.

84. In response to Paragraph 84 of the Amended Complaint, Defendants deny the allegations contained therein.

85. In response to Paragraph 85 of the Amended Complaint, Defendants deny the allegations contained therein.

86.     In response to Paragraph 86 of the Amended Complaint, Defendants deny the allegations contained therein.

87.     In response to Paragraph 87 of the Amended Complaint, Defendants deny the allegations contained therein.

88.     In response to Paragraph 88 of the Amended Complaint, Defendants deny the allegations contained therein.

89.     In response to Paragraph 89 of the Amended Complaint, Defendants deny the allegations contained therein.

90-99.  In response to Paragraphs 90-99, Defendants have filed a motion to dismiss Count II of the First Amended Complaint.

In response to the WHEREFORE paragraph following Paragraph 99 of the Amended Complaint, Defendants deny that Plaintiff is entitled to any relief whatsoever and specifically deny that Plaintiff is entitled to the relief enumerated therein.

Defendants deny all allegations contained in the Amended Complaint not specifically admitted herein.

Defendants demand judgment against Plaintiff for all attorney's fees and costs incurred pursuant to the FLSA, Fed.R.Civ.P. 11, 28 U.S.C. §1927, and the Court's inherent authority.

Defendants demand a trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses and without conceding that Defendants bear the burden of proof or persuasion as to any of them, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to time and one-half for the alleged overtime hours worked. Plaintiff was paid in full. Any overtime pay Plaintiff proves Plaintiff is entitled to would be paid at a half-time rate, not time and one-half. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1269 (11th Cir. 2008) and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299 (11th Cir. 2013).

## SECOND AFFIRMATIVE DEFENSE

The damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis for the cause of action. Defendants assert that any acts or omissions which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two years pursuant to 25 U.S.C. § 255(a). *See Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1196 (S.D. Fla. 2019)("An assertion of a statute of limitations defense puts Plaintiff on notice as to the nature of the defense."); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226-MP-GRJ, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012) ("Simply stating that Plaintiff's claims are barred by the statute of limitations is sufficient to put  Plaintiff on notice of a statute of limitations defense."); *Harapeti v. CBS Television Stations, Inc.*, Case No. 20-CV-20961-Williams (S.D. Fla. May 10, 2021)(ECF No. 150).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to liquidated damages because Defendants did not willfully or otherwise violate the law; and, if any violation is established, Defendants had a good faith belief that they were in compliance with the law. 29 U.S.C. § 260; *Alvarez Perez v. Sanford-Orlando*

10

*Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (Pursuant to 29 U.S.C. § 260, there is "a good faith defense, which gives the court discretion to reduce or deny an award of liquidated damages if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that she had reasonable grounds for believing that her act or omission was not a violation of the Fair Labor Standards Act.").

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is found to be non-exempt and seeks compensation/ overtime for any bona fide meal or rest periods fifteen (15) minutes in duration or longer, such time is not compensable in accordance with the FLSA. Such meal and rest periods are generally not compensable under the FLSA unless employees are "subject to significant affirmative responsibilities" during those times. *Kohlheim v. Glynn Cty., Ga.*, 915 F.2d 1473, 1477 (11th Cir. 1990); *Harapeti v. CBS Television Stations, Inc.*, Case No. 20-CV-20961-Williams (S.D. Fla. May 10, 2021)(ECF No. 150).

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff is found to be non-exempt and seeks compensation/ overtime for time spent waiting, time spent waiting to be engaged is not compensable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were not compensable work under the FLSA and were not integral and indispensable part of Plaintiff's principal activities, including non-compensable activities that were preliminary or postliminary to their principal activities. 29 U.S.C. § 254(a); *Harapeti v. CBS Television Stations, Inc.*, Case No. 20-CV-20961-Williams (S.D. Fla. May 10, 2021)(ECF No. 150).

11

## SEVENTH AFFIRMATIVE DEFENSE

The amounts owed, if any, are *de minimus* and may be cured and/or disregarded. Any insubstantial or insignificant periods of working time beyond the scheduled working hours, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are *de minimis* and may be properly disregarded for payroll purposes. *See Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 672 (S.D. Fla. 2013)(denying the request to strike an affirmative defense "that the time for which Plaintiff seeks compensation is de minimis"); *Andrade v. Redrock Travel Grp.*, LLC, No. 6:19-CV-173-ORL-22GJK, 2019 WL 2214808, at *3 (M.D. Fla. Apr. 29, 2019) ("A de minimis defense can be asserted under the FLSA."); *Harapeti v. CBS Television Stations, Inc.*, Case No. 20-CV-20961-Williams (S.D. Fla. May 10, 2021)(ECF No. 150).

## EIGHTH AFFIRMATIVE DEFENSE

The number of hours claimed by Plaintiff should be reduced and Plaintiff's claims should be denied due to Plaintiff's unclean hands. Plaintiff claims to have worked hours of which Defendants were purposely unaware and therefore cannot be held liable. Plaintiff had a duty to notify Defendants of, and to not conceal from Defendants, all hours allegedly worked. *See Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797 (11th Cir. 2015); *Brumbelow v. Quality Mills Inc.*, 462 F.2d 1324 (5th Cir. 1972); *Aidone v. Nationwide Auto Guard LLC*, 295 F.R.D. 658, 661 (S.D. Fla. 2013) (citations omitted) ("The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result."); *Harapeti v. CBS Television Stations, Inc.*, Case No. 20-CV-20961-Williams (S.D. Fla. May 10, 2021)(ECF No. 150).

## NINTH AFFIRMATIVE DEFENSE

The number of hours claimed by Plaintiff should be reduced and Plaintiff's claims should be denied due to estoppel. Plaintiff claims to have worked overtime hours of which Defendants were unaware.  Plaintiff affirmatively misled the employer as to the number of hours worked. *See Bailey v. Titlemax of Ga., Inc.*, 776 F.3d 797 (11th Cir. 2015); *Brumbelow v. Quality Mills Inc.*, 462 F.2d 1324 (5th Cir. 1972); *McGlothan v. Walmart Stores, Inc.*, No. 6:06-CV-94-ORL28JGG, 2006 WL 1679592, at *2 (M.D. Fla. June 14, 2006)(Courts have held that a limited estoppel defense exists where an employee "affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours"); *Merriweather v. Latrese  Kevin Enters., Inc.*, No. 3:08-cv-836-J-32TEM, 2009 U.S. Dist. LEXIS 48974, at *4 (M.D. Fla. May 28, 2009)(holding estoppel is a valid defense to an FLSA claim when defendants seek to estop plaintiff from "seeking overtime compensation in excess of the amount of hours reflected in the records kept of his working time"); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, Case No. 0:02-cv-61667-WPD (ECF No. 69) (holding an estoppel defense is not precluded as a matter of law where defendant disputes the amount it has already paid to plaintiff and asserts to stop plaintiff from seeking amounts already received).

## TENTH AFFIRMATIVE DEFENSE

Any amounts due to Plaintiff should be set off by premium payments and/or premium rates, including for weekends or holidays, or overpayments, advances or loans, received by Plaintiff from Defendants, or compensatory time off, so long as that does not result in sub-minimum wage. *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) (holding that setoff may not result in sub-minimum wage payments to an employee); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 n. 9 (5th Cir. 2003)(*Brennan* does not prohibit a setoff defense where the setoff will not

result in sub-minimum wage payments to the employee); *Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005)(noting that the FLSA explicitly provides that certain payments made by an employer shall be creditable toward overtime compensation); *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, at *4 (S.D. Fla. June 12, 2017)("an affirmative defense of a set-off may be properly asserted in an FLSA case, so long as such a set-off does not reduce the amount a plaintiff can recover below the statutory minimum wage."); *Leite v. Tremron, Inc.*, 2012 WL 4049962 at *3 (S.D. Fla. 2012); *Fernandez v. Xpress Painting Corp.*, 2012 WL 3562255 at *9 (S.D. Fla. 2012)("an employer could raise the affirmative defense of set-off in a case where the employee received overpayment of wages"); *Laferte*, 2017 WL 2537259, at *4 ("Whether Plaintiff's wages will fall beneath the statutory minimum must be determined through discovery.").

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not an employee as defined by the law. Plaintiff was an independent contractor.

WHEREFORE, having fully answered the Complaint herein and having raised affirmative defenses thereto, Defendants request that the instant action be dismissed, and that Defendants be awarded costs, expenses and reasonable attorney's fees incurred in defense hereof pursuant to the Fed.R.Civ.P. 11, 28 U.S.C. §1927, and the Court's inherent authority, as well as under the FLSA. *Kreager v. Soloman Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985) (internal quotations omitted)(A defendant may recover its attorney's fees from a losing plaintiff in an FLSA action when the plaintiff has "acted in bad faith, vexatiously, wantonly or for other oppressive reasons.").

## JURY DEMAND

Defendants demand a trial by jury on all issues triable.

Dated this ____ day of March 2026.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By:     /s/Todd W. Shulby, Esq.
        Florida Bar No.: 068365

15