UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-cv-62274-DSL

FREDSON ALMEIDA DOS ANJOS, on
behalf of himself and all others similarly
situated,

        Plaintiffs,

vs.

COLETTE 4 INC. d/b/a FETTA REPUBLIC,
and YANA KIRKIS,

        Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS COUNT II OF
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, by and through the undersigned counsel, hereby file this Motion to Dismiss Count II of Plaintiff's First Amended Complaint (ECF No. 15), pursuant to Rules 8(a), 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, and in support state as follows:

1.      In Count I of Plaintiff's Complaint, Plaintiff asserts a cause of action for overtime under the Fair Labor Standards Act ("FLSA").

2.      In Count II of Plaintiff's Complaint, Plaintiff asserts a cause of action for unpaid minimum wages under the Florida Minimum Wage Act ("FMWA").

3.      Count II should be dismissed because (1) it incorporates all prior paragraphs and allegations in the First Amended Complaint, including the entirety of Count I; and (2) the allegations of Count II are unclear as to the nature of the wages owed since Plaintiff admits in the First Amended Complaint that he was paid $16 per hour for all hours worked, which amount is in excess of the Florida minimum wage.

4.      For the reasons set forth above, and in the following Memorandum of Law: (1) Count II should be dismissed as a shotgun pleading; and/or (2) Count II should be dismissed because it does not state a cause of action for unpaid minimum wages under the FMWA.

WHEREFORE, Defendants respectfully request that the Court grant this motion and award such relief as the Court deems just and proper.

**MEMORANDUM OF LAW**

**I.  <u>COUNT II SHOULD BE DISMISSED AS A SHOTGUN PLEADING.</u>**

In Paragraph 90 of the First Amended Complaint, Plaintiff states:

> 90.      Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

*See* First Amended Complaint, ¶90 (ECF No. 15). This Paragraph includes in Count II all prior paragraphs, including the entirety of Count I.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *LampkinAsam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a

2

court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a classic shotgun pleading. Count II expressly incorporates all preceding paragraphs, including the entirety of Count I, resulting in the final count constituting a culmination of the entire Complaint. Thus, even though Count II is a claim under Florida law for minimum wages under the Florida Minimum Wage Act, it includes all the allegations of Count I, which is an action for overtime under the FLSA. It also includes all allegations in the pleading relating to an alleged collective action under the FLSA on behalf of Plaintiff and all others similarly situated for alleged violations of overtime provisions of the FLSA (Paragraphs 33-40), which bear no relevance to Count II for a minimum wage violation under the FMWA. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit and should be dismissed.

## II. <u>COUNT II SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.</u>

In Paragraphs 17 - 21 of the First Amended Complaint, Plaintiff alleges:

17. From January 20, 2020, through 2023, Plaintiff worked for Defendants from Monday to Saturday, starting at 11:00 AM to 10:00 PM.

18. In or about every week, Plaintiff rendered duties for the benefit of Defendants for about sixty-six (66) hours per work week with an agreed regular rate of $16.00 per hour.

19. Beginning in 2024, Plaintiff's schedule was adjusted to five (5) days per week, while his daily shift remained eleven (11) hours long.

20. As a result, his total weekly hours were reduced to fifty-five (55) hours per week.

21. During this period, Plaintiff's hourly rate remained $16.00 per hour, and his overtime compensation should have been paid at $24.00 per hour for all hours worked beyond forty (40) hours per week.

22. During the course of Plaintiff's employment, Plaintiff was not paid the overtime differential, which should be at least one-and-a-half (1.5) times of the regular rate for the hours worked by him in excess of forty (40) hours in one workweek, mandated both by the FLSA and the FMWA.

*See* First Amended Complaint, ¶¶17-22. All of the foregoing allegations are incorporated into Count II of Plaintiff's First Amended Complaint. *See* First Amended Complaint, ¶90. The problem with these paragraphs in relation to Count II for alleged minimum wages under the Florida Minimum Wage Act is two-fold:

First, Paragraph 22 is a plain misstatement of the law and one that has already been addressed by Defendants and put to rest (ECF No. 9, 12, 13 and 14). Nevertheless, Plaintiff persists in claiming that unpaid overtime is a violation of the FMWA even though it is not. The alleged failure of Defendants to pay "one-and-a-half (1.5) times of the regular rate for the hours worked by him in excess of forty (40) hours in one workweek" is absolutely not "mandated both by the FLSA and the FMWA." *See* First Amended Complaint, ¶22. As previously addressed in Plaintiff's Motion to Dismiss (ECF No. 9), the Florida Minimum Wage Act does not require that employers pay overtime. Therefore, Count II of Plaintiff's Complaint must be dismissed as Plaintiff is yet again attempting to assert an alleged overtime violation in Count II where such a claim plainly cannot exist under the FMWA.

Second, in Paragraphs 18 and 21, Plaintiff admits that he was paid at least $16 per hour for all hours worked, so there can be no minimum wage violation as $16 per hour exceeds the Florida

minimum wage. If Plaintiff was paid $16 per hour, and his complaint is that he was not paid "one-and-a-half (1.5) times of the regular rate for the hours worked by him in excess of forty (40) hours in one workweek," that does not amount to a minimum wage violation under the FMWA at all. The following are the applicable minimum wages since the Year 2021:

| Dates | Florida Minimum Wage Rates | Reduced Cash Wage for Tipped Employees |
|---|---|---|
| January 1, 2021 through September 29, 2021 | $8.65 per hour | $5.63 per hour |
| September 30, 2021 through September 29, 2022 | $10.00 per hour | $6.98 per hour |
| September 30, 2022 through September 29, 2023 | $11.00 per hour | $7.98 per hour |
| September 30, 2023 through September 29, 2024 | $12.00 per hour | $8.98 per hour |
| September 30, 2024 through September 29, 2025 | $13.00 per hour | $9.98 per hour |
| September 20, 2025 through September 29, 2026 | $14.00 per hour | $10.98 per hour |

Therefore, Count II of Plaintiff's Complaint must again be dismissed as Plaintiff is attempting to assert an alleged overtime violations in Count II where such a claim plainly cannot exist under the FMWA.

Respectfully submitted,

TODD W. SHULBY, P.A.
Todd W. Shulby, Esq.
1792 Bell Tower Lane
Weston, Florida 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Counsel for Defendants

By:     /s/Todd W. Shulby, Esq.
        Florida Bar No.: 068365

5