**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**Case No.**: 0:25-CV-62274 (DSL) (PDA)

FREDSON ALMEIDA DOS ANJOS, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

COLETTE 4 INC. d/b/a FETTA REPUBLIC, and YANA KIRKIS,

Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT II OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Fredson Almeida Dos Anjos (hereinafter the "Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, respectfully submits the instant memorandum of law in opposition to against Defendants' Colette 4 Inc. d/b/a Fetta Republic (hereinafter "Fetta" or the "Corporate Defendant") and Yana Kirkis (hereinafter "Kirkis" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") Motion to Dismiss Count II of Plaintiff's First Amended Complaint (ECF No. 15) ("FAC"), pursuant to Rules 8(a), 12(b)(6),[1] and 12(e) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").

## MEMORANDUM OF LAW

### I. COUNT II SHOULD NOT BE DISMISSED AS A SHOTGUN PLEADING.

Defendants' argument that Count II constitutes a "shotgun pleading" fails. As an initial matter, this Court already decided that the original complaint was *not* a shotgun pleading. See ECF Docket Entry 14 at 1 ("Plaintiff's Complaint is not a shotgun pleading").

[1] Plaintiff respectfully notes that Rule 12(c) applies, not Rule 12(b)(6), as Defendants filed an answer before filing the instant renewed motion to dismiss.

In that regard, the old adage stating that insanity is doing the same thing over and over again expecting different results is particularly apt here. More importantly, the law of the case doctrine precludes Defendants from the relief they seek.

Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997). This Court should apply the law-of-the-case doctrine here to deny Defendants' repeated-and-previously-failed argument that the first amended complaint constitutes a shotgun pleading.

In any event, were this Court to consider Defendants' argument on the merits, they would fare no batter. The incorporation of prior allegations – i.e., in ¶ 90 of the FAC, that "Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above" – is standard federal pleading practice and does not, by itself, render a complaint improper. See ECF 15 ¶ 90. If it did, nearly every multi-count complaint would be subject to dismissal.

Moreover, as set forth *supra*, Defendants' position is inconsistent with the Court's prior ruling declining to dismiss the other count, which used the same incorporation language. See ECF 14 and 1. There is nothing unique about Count II that warrants a different result.

Indeed, this is not the type of unintelligible pleading condemned in Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015). The "unifying characteristic" of shotgun pleadings is a failure to give adequate notice of the claims and their grounds.

Here, Defendants plainly understand the claims, as evidenced by their ability to challenge them.

Similarly, this is not unintelligible as in Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 (11th Cir. 2002), as it is clearly ascertainable in Plaintiff's

FAC what transpired between the parties, and "which facts formed the basis of the plaintiffs' federal law claims."

More importantly, Count II is clear and discrete. It expressly asserts a claim under the Florida Minimum Wage Act ("FMWA"), distinct from Count I's Fair Labor Standards Act ("FLSA") overtime claim (which is merely incorporated by reference, in only one (1) paragraph out of ten (10) paragraphs of the FMWA claim. Thus, the factual basis and legal theory are readily identifiable, and Defendants do not plausibly contend otherwise. The inclusion of overlapping or background allegations does not deprive Defendants of fair notice, particularly where the claims arise from the same employment relationship.

Accordingly, dismissal on this basis is unwarranted.

## II. COUNT II STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants' argument mischaracterizes both the Complaint and the governing law.

Plaintiff does not dispute that the FMWA does not independently create a right to overtime compensation. But that is not a basis for dismissal here. Count II asserts a claim for failure to pay minimum wages under Florida law, not a standalone claim for overtime under the FMWA.

To prevail on a claim for unpaid wages under the FMWA, a plaintiff must establish the elements required under the FLSA. See 29 U.S.C. § 207, *et seq.*; see also Kwasnik v. Charlee Fam. Care Servs. of Cent'l Fla., Inc., No. 608-CV-926-ORL-31KRS, 2009 WL 1607809, *4 (M.D. Fla. June 9, 2009).

Thus, "Plaintiff must establish that he was:

1) employed by Defendant[ ] during the applicable period;

2) engaged in commerce or in the production of goods for commerce; and

3) was not paid the required minimum wage by Defendant[ ]."

See Dannehold v. Morton, No. 19-80598-CIV, 2019 WL 13089702, at *2 (S.D. Fla. Oct. 21, 2019) (Middlebrooks, J.) (citing 29 U.S.C. § 206(a)).

Here, the complaint adequately pleads that Defendants failed to pay timely pay Plaintiff and others. See ECF 15 ¶¶ 34, 44, 55(d), 72. The failure to timely pay wages constitutes a minimum wage violation as payment of wages is due within seven (7) days of the end of the workweek. See Dixon v. Full Circle Health Care, Inc., No. 20-22806-CIV, 2021 WL 8534239, at *1 (S.D. Fla. June 28, 2021) ("Plaintiff, a salaried employee at the time, alleges that she worked overtime hours for which she was not paid, and that when she was paid, she was sometimes paid late. On these allegations, Plaintiff brings this action seeking redress under the [FMWA]"). Indeed, the FMWA incorporates the FLSA and its implementing regulations, which require wages to be paid on the regular payday for the pay period. See 29 U.S.C. § 206; see also 29 C.F.R. § 778.106. Because wages were not paid when due are considered unpaid, an employer's untimely payment constitutes a failure to pay minimum wages in violation of the FMWA. See Fla. Stat. § 448.110(3).

To the extent Paragraph 22 references overtime compensation, it reflects the factual context of Plaintiff's work hours and compensation structure; specifically, that Plaintiff worked in excess of forty (40) hours and was not properly compensated. See ECF 15 ¶ 22. Such allegations are relevant to both Plaintiff's FLSA claim and his FMWA claim, including in assessing whether total compensation fell below the applicable minimum wage when averaged across hours worked.

Further, courts routinely recognize that where an employee works uncompensated or undercompensated hours, including overtime hours, those hours may be considered in determining whether the employee's effective hourly rate falls below the minimum wage in violation of the FMWA. See Robertson v. Payopic LLC, No. 0:25-CV-61280, 2026 U.S. Dist. LEXIS 1568, at *7

(S.D. Fla. Jan. 6, 2026) ("Having plausibly pled the elements of an FLSA claim, Plaintiff has plausibly pled the remaining elements of an FMWA claim"). Thus, the inclusion of overtime-related allegations does not transform Count II into an improper overtime claim.

In any event, dismissal is not warranted based on a single, purportedly imprecise statement in Paragraph 22. The proper inquiry is whether the complaint, as a whole, plausibly alleges a violation of the FMWA; it does. See Robertson, 2026 U.S. Dist. LEXIS 1568, at *6 (S.D. Fla. Jan. 6, 2026) ("To prevail on an FMWA claim, a plaintiff must establish the same elements needed to prevail on an FLSA claim") (citing Chavez v. Grill Enter., LLC, No. 20-22603-Civ, 2022 WL 1642757, at *9 (S.D. Fla. Jan. 31, 2022)). Given that this Court has previously denied Defendants' motion to dismiss Plaintiff's FLSA claim, and because FMWA claims are evaluated under the same substantive standards, the allegations likewise state a plausible claim under the FMWA.

Accordingly, Defendants' request to dismiss Count II should be denied.

## III. PLAINTIFF RESPECTFULLY SEEKS LEAVE TO REPLEAD IN THE UNLIKELY EVENT ANY CAUSE OF ACTION FAILS TO STATE A CLAIM

To the extent this Court finds that any claims are subject to dismissal (which Plaintiff respectfully submits it should not), Plaintiff respectfully requests leave to replead. Pursuant to Rule 15(a) "[t]he court should freely give leave [to amend] when justice so requires." See Fed. R. Civ. P. 15(a). "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." See Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 982 (11th Cir. 2012).

Here, to the extent this Court agrees with any of the Defendants' assertions, Plaintiff is prepared to amend the pleadings to conform to applicable standards.

In such circumstances, courts regularly grant leave to replead, even where the claims pled appear on their face to be futile. See Dimor Aerospace, Inc. v. Sven Lepschy, No. 24-80884-CIV,

2025 WL 3689542, at *6 (S.D. Fla. June 30, 2025) ("While Counts II and V attempt to allege causes of action that are not recognized such that repleading those counts would indeed be futile, this Court will permit Dimor an opportunity to re-allege some of the dismissed allegations in an Amended Complaint in the context of the relief requested for its legally recognized claims").

Accordingly, Plaintiff is entitled to leave to replead in the unlikely event of dismissal.

**CONCLUSION**

For all the foregoing reasons, Defendants' motion to dismiss should be denied. Alternatively, Plaintiff should be granted leave to replead.

RESPECTFULLY SUBMITTED this 17th day of April, 2026.

**CONSUMER ATTORNEYS, PLLC**

*/s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS, PLLC
6829 Main Street
Flushing, NY 11367-1305
T: (718) 701-4605 (office)
T: (718) 715-1750 (facsimile)
dpinkhasov@consumerattorneys.com

Emanuel Kataev, Esq.
*Admitted pro hac vice*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155
emanuel@sagelegal.nyc

*Attorneys for Plaintiff*
*Fredson Almeida Dos Anjos and*
*all others similarly situated*