UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-62274-LEIBOWITZ

FREDSON ALMEIDA DOS ANJOS,

     *Plaintiff,*

*v.*

COLETTE 4 INC., *et al.*,

     *Defendants.*

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Count II of Plaintiff's First Amended Complaint ("the Motion") [ECF No. 20], filed on April 3, 2026. The Motion is fully ripe. [*See* ECF Nos. 25, 26].

Plaintiff Fredson Almeida Dos Anjos ("Plaintiff") filed the initial complaint in this action ("the Complaint") on November 11, 2025. [ECF No. 1]. On March 5, 2026, the Court granted in part and denied in part Defendants Colette 4 Inc. and Yana Kirkis's (collectively, "Defendants") first motion to dismiss while granting Plaintiff leave to file an amended complaint. [ECF No. 14 ("the Dismissal Order")]. On March 19, 2026, Plaintiff filed an amended complaint ("the Amended Complaint"). [ECF No. 15]. On April 3, 2026, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint. [ECF No. 19]. Later that day, Defendants filed the instant Motion, seeking dismissal of Count II of the Amended Complaint, which asserts that Defendants violated the Florida Minimum Wage Act ("FMWA"). [*See generally* ECF No. 20].

"Because [Defendants] filed [their] answer before filing [the] Motion, that Motion is untimely, and must be denied." *Zo Skin Health, Inc. v. Salz*, No. 14-CIV-21376, 2014 WL 4185385, at *1 (S.D. Fla. Aug. 22, 2014) (Bloom, J.). "By declining to file [their] Motion prior to [the] responsive pleading,

[Defendants] waived [their] right to seek dismissal pursuant to Rule 12(b)(6)." *Id.* (collecting cases holding same); *see also Fla. E. Coast Ry., LLC v. P&L Towing & Transportation Inc.*, No. 2:24-CV-14354-KMM, 2025 WL 3689892, at *5 (S.D. Fla. Nov. 7, 2025) (explaining that the "plain text of Rule 12(b)" requires a "proper motion" to be "made prior to pleading") (Moore, J.).

"However, the Court has discretion to construe an untimely Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c)." *Greenfeld v. Squidvision Corp.*, No. 21-60944-CIV, 2024 WL 6969259, at *3 (S.D. Fla. Mar. 29, 2024) (citing *Whitehurst v. Wal-Mart Stores East, L.P.*, 329 F. App'x 206, 208 (11th Cir. 2008)) (Smith, J.). So, the Court will "treat . . . [the] Motion as [a timely] request[] for judgment on the pleadings under Rule 12(c)." *Id.*

In the Dismissal Order, the Court found (and Plaintiff conceded in its briefing)[1] that the FMWA does not provide a cause of action for unpaid overtime wages. [ECF No. 14 at 2]. Plaintiff has cured that deficiency by alleging that "Plaintiff's total compensation, when divided by the total number of hours worked in a workweek, resulted in an effective hourly rate that fell below the applicable Florida minimum wage for those workweeks." [ECF No. 15 ¶ 96]. Drawing reasonable inferences in Plaintiff's favor, the Court construes the allegation that Plaintiff worked at "an agreed regular rate of $16.00 per hour," [*id.* ¶¶ 18, 21], to mean that Plaintiff was entitled to compensation at that rate—not that Defendants actually compensated him at that rate, as Defendants contend. [ECF No. 20 at 4–5]. Accordingly, Plaintiff has stated a claim under the FMWA.[2]

---

[1] Plaintiff reiterates that concession in its response to the instant Motion as well. [ECF No. 25 at 3 ("Plaintiff does not dispute that the FMWA does not independently create a right to overtime compensation.")].

[2] In its response to the Motion, Plaintiff advances the novel claim that Defendants violated the FMWA by failing to pay Plaintiff on time. [ECF No. 25 at 4 ("Because wages [that] were not paid when due are considered unpaid, an employer's untimely payment constitutes a failure to pay minimum wages in violation of the FMWA.")]. The Court agrees with Defendants that Plaintiff's Amended Complaint lacks any allegations to support that theory.

That being said, the Court agrees that Count II of Plaintiff's Amended Complaint is a shotgun pleading because it "adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015); [ECF No. 15 ¶ 90 (incorporating "all allegations contained in the paragraphs above" into Count II of the Amended Complaint, including allegations set forth in support of Count I)].

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 20**] is **GRANTED IN PART**.  Count II of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.  Plaintiff is granted leave to file a second amended complaint that cures the deficiencies identified above in paragraph 90 of the Amended Complaint no later than May 12, 2026.

**DONE AND ORDERED** in the Southern District of Florida on May 5, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record